PER CURIAM.
Carl Harrison, Appellant, challenges his judgments and sentences for resisting an officer without violence and possession of drug paraphernalia. Appellant raises two issues on appeal; the only issue that merits discussion is Appellant’s claim that the trial court erred in assessing investigative costs. We affirm Appellant’s judgments and sentences without further comment, but we reverse the imposition of investigative costs and remand for correction of the order of probation.
Section 938.27, Florida Statutes (2008), authorizes trial courts to impose costs of investigation on criminal defendants. Section 938.27(4) provides, “Any dispute as to the proper amount or type of costs shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of costs incurred is on the state attorney....” In the instant case, even though Appellant objected to the imposition of costs at sentencing, the State did not present any evidence in support of its request for such costs. Without any evidence presented, the trial court could not have found these costs to be supported by a “preponderance of the evidence.” Because the trial court was without evidence supporting the request for any amount of investigative costs, it erred by entering an order imposing an award of those costs. The $132.50 in investigatory costs assessed against Appellant must be stricken. Accordingly, we reverse that portion of the order of probation and remand for the trial court to enter a corrected order, striking the costs of investigation. We affirm Appellant’s judgments and sentences in all other respects.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
BENTON, LEWIS, and CLARK, JJ„ concur.